JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 7376

------------------------------------------------------------X
JORGE L. CHAU, on behalf of himself and all  :
other current and former employees
similarly situated,                          :
                                Plaintiff,   :
        -against-                            :

VINCENT'S LIMOUSINE SERVICE                  :
OF NEW YORK, INC.,                           :
                                Defendant.   :
------------------------------------------------------------X

**COMPLAINT**

**FLSA COLLECTIVE
ACTION AND RULE 23
CLASS ACTION**



        Plaintiff JORGE L. CHAU, by and through his attorneys, on behalf of himself and all other current and former employees similarly situated, alleges:

### PRELIMINARY STATEMENT

        1.      Plaintiff brings this action, on behalf of himself and all other current and former employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for himself and all other current and former employees similarly situated, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

        2.      Plaintiff also brings this action, on behalf of himself and all other current and former employees similarly situated, to remedy violations of the New York State Labor Law, N.Y. Lab. L. §§ 190 et seq. §§ 650 et seq. ("NYSLL"), and 12 NYCRR § 142-2.2. Plaintiff seeks, for himself and all other current and former employees similarly situated, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to N.Y. Lab L. §§ 198, 663.

1

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over Plaintiffs' NYSLL claims is invoked pursuant to NYSLL §§ 198, 663 and 28 U.S.C. § 1367(a), in that the NYSLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

## PARTIES

5. Plaintiff JORGE L. CHAU is a citizen of the State of Connecticut.

6. At all relevant times, Chau was employed by Defendant as a limousine driver.

7. Defendant VINCENT'S LIMOUSINE SERVICE OF NEW YORK, INC., is a New York Corporation.

8. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of 29 U.S.C. § 203 and the NYSLL. At all relevant times, Defendant has employed "employee[s]", including Plaintiff and each of the FLSA Collective Plaintiffs and members of the Class.

## FACTUAL ALLEGATIONS

9. Defendant owns and/or operates a limousine service that provides transportation for customers.

10. From 2007 through 2011 Plaintiff, members of the collective and the class worked for Defendant as a limousine driver.

11. During his employment, Plaintiff, members of the collective and the class were regularly assigned to work over 40 hours a week.

12. Plaintiff, members of the collective and the class were not compensated for overtime at a rate of one and one half times his hourly rate of pay for all of the hours they worked in excess of 40 hours a week.

13. Upon information and belief, Defendant knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendant were not paid overtime premiums for all hours worked in excess of 40 hours in a week. Upon information and belief, Defendant knew that the nonpayment of overtime premiums would economically injure Plaintiff, the FLSA Collective Plaintiffs and members of the Class, and that it violated the FLSA and the NYSLL.

14. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs bring the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendant as a limousine driver at any time during the three years prior to the filing of the Complaint in this case. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

16. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17. Other limousine drivers currently or formerly employed by Defendant should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other security officers and/or guards to receive notice of the action and allow them to opt in to such an action if they so choose.

18. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS - NEW YORK

19. Plaintiff brings the Second and Third Claims for Relief pursuant to Fed.R.Civ.P. ("FRCP") Rule 23, to recover overtime pay on behalf of all individuals employed by Defendant as limousine drivers at any time during the six years prior to the filing of the Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class Members" and/or the "Class".

20. The number, names and addresses of the Class Members are readily ascertainable from the records of Defendant. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendant's records. Notice can be provided by means permissible under FRCP Rule 23.

21. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the

4

sole control of Defendant, Plaintiffs believe that through discovery they will obtain evidence to establish that there are at least forty members of the Class.

22. Plaintiffs' claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendant, in that (i) they were not properly compensated for overtime hours worked as required by 12 NYCRR §142-2.2, and (ii) Defendant improperly deducted from their wages amounts allegedly for repair of the limousines they drove. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.

23. As fellow employees of Defendant, which failed to adequately compensate Plaintiff and the members of the Class as required by law, Plaintiff and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff has retained the law firm of Pedowitz & Meister, LLP, competent and experienced employment litigators.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Upon information and belief, employees of Defendant are often afraid to individually assert their rights out of fear of direct or indirect retaliation. Current and former employees are fearful of bringing individual claims because they fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

27. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendant required Class Members to work uncompensated overtime and failed to adequately compensate the Class

Members for overtime hours worked as required by 12 NYCRR § 142-2.2, and (b) whether Defendant improperly deducted from their wages amounts allegedly for repair of the limousines they drove in violation of NY Labor L. § 193.

28. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the NYSLL.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)

29. Plaintiff, on behalf of himself and all other current and former employees similarly situated, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

30. Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

31. At all relevant times, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

32. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

39. Defendant withheld from the wages paid to Plaintiff and the Class amounts allegedly for repair of the limousines they drove.

40. Such withholding was in violation of NY Labor L. § 193.

41. Plaintiff, on behalf of himself and the Class members, seeks damages in the amount of the improper deductions from their wages, liquidated damages as provided by N.Y. Labor Law, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and the FLSA collective Plaintiffs and members of the Class, prays for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitted them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action;

(c) Designation of Named Plaintiff as Representative of the FLSA Collective Plaintiffs and class representative of the Class;

(d) An award of damages, according to proof, including FLSA liquidated damages and N.Y. Labor Law liquidated damages;

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

(g) Pre-Judgment and post-judgment interest, as provided by law; and

(h) Attorney's fees and costs incurred in enforcing the Judgment as to the New York State claim pursuant to New York Labor Law § 198 paragraph 4,

(i) A fifteen percent increase in the amount of the Judgment as to the New York State claim if any amounts remain unpaid upon the expiration of ninety days following the time to appeal the Judgment if no appeal is then pending pursuant to New York Labor Law §198 paragraph 4, and

(j) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
October 1, 2012

Respectfully submitted,

PEDOWITZ & MEISTER, LLP

By: _____
Robert A. Meister
Karen Kranson
570 Lexington Avenue
New York, NY 10022
(212) 403-7330 Phone
(212) 354-6614 Fax
*Attorneys for Plaintiff, proposed Collective Action Members and Proposed Class*